**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JORGE ZULETA,**

       **Plaintiff,**

**-vs-**                **Case No. 6:08-cv-1950-Orl-31DAB**

**PROFESSIONAL TEAM PAINT, INC.,**

       **Defendant.**
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 34)**
>
> **FILED:**    April 9, 2009
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED,** papers be **stricken,** and Plaintiff's counsel be sanctioned and admonished, as set forth herein.

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action

for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

As the parties present no basis for the Court to evaluate the fairness of either the wage claim settlement or the attorney's fees, as explained below, it is **respectfully recommended** that the motion be **denied.** As the Court finds reason to believe that Plaintiff's counsel has filed a false document in this case, it is also **respectfully recommended** that Plaintiff's Answers to Interrogatories be stricken, and counsel sanctioned.

The docket reflects that this complaint for unpaid wages and overtime, under state and federal law, was removed from state court to this Court on November 17, 2008 (Doc. No. 1). Defendant filed an Answer and Affirmative Defenses, denying any liability (Doc. No. 10). Pursuant to Scheduling Order, Plaintiff's counsel filed *unsigned* Answers to Court Interrogatories, asserting that "Defendant never paid overtime. I am owed some 1100 hours at the rate of $6.00 per hour for a total of $6,600.00, not including liquidated damages." (Doc. No. 15). The Court promptly issued an Order to Show

Cause why the case should not be dismissed for failure to prosecute, due to the lack of sworn answers (Doc. No. 16). Plaintiff's counsel responded (Doc. No. 17) by asserting that counsel had Plaintiff *sign a blank answer page, which was then notarized*, *and edited before filing*:

> 1. On December 10, 2008, Plaintiff filed unsigned answers to the Court's interrogatories (Doc. No. 15).
> 2. Due to Plaintiff's employment and residency, the meeting to obtain answers to the Court's interrogatories was conducted at 7:30 p.m. on December 9, 2008. The answer page was left blank, but was properly notarized. Plaintiff's answers were edited and filed on December 10, 2008 (Doc. No. 15).
> 3. On December 10, 2008, Plaintiff did not scan the notarized page to the document for filing. The notarized verification page is now attached hereto and Plaintiff respectfully requests this Court to accept such as an attachment to the interrogatories.
> 4. Plaintiff's failure to attach the verified page was not made for the purpose of obstructing the function of this Court or perpetrating fraud.

(Doc. No. 17).

Counsel then filed a one page signed document which purports to be a form of the Interrogatories, but containing no information relative to the claim (Doc. No. 17-2).

There can be no question that counsel has filed a false document with the Court. The jurat signed December 9 states that Plaintiff personally appeared on that date and stated that he "has read the foregoing Answers to Interrogatories, knows the content of same, and to the best of his knowledge and belief, the same are true and correct." (Doc. No. 17-2). According to the above recitation by counsel, however, the "foregoing Answers" were not in existence at that time, but were "*edited* and filed on December 10." Indeed, Plaintiff signed only a blank form.[1] As such, Plaintiff could not have read the filing on December 9. Under these circumstances, the statement of Plaintiff's claim is a nullity and must be **stricken.**

The procedure counsel outlined above is seriously flawed, fraught with ethical and possibly criminal peril, and results in a jurat that is patently false. In *Cunningham v. Senez Roofing, LLC, et*

---

[1] The Court notes that this is in violation of Florida law.

*al.*, Case No. 6:08cv1648-Orl-31DAB (Doc. No.33), this Court admonished other counsel for attaching an earlier jurat to a different document, resulting in a patently false declaration. The Court noted that "expediency never trumps truth," and stated that "the sanctity of a sworn oath cannot take a back seat in the hierarchy of professional obligations." *Id.* The *Cunningham* rationale is equally applicable here. Counsel cannot in good faith contend that the "sign first, we will fill it in for you later" approach to sworn documents is ever excusable. Sanctions pursuant to the Court's inherent authority are appropriate here, as well.[2] It is therefore **respectfully recommended** that the Answers to Interrogatories be **stricken;** sanctions in the amount of $500, payable to the Clerk of the Court, be imposed on Plaintiff's counsel; and counsel be **admonished** that the filing of future false affidavits will result in the immediate referral to The Florida Bar.

As for the merits of the settlement, as the Court has before it no competent evidence as to the value of Plaintiff's claim, it cannot evaluate whether the compromise is fair and reasonable.[3] The motion should therefore be **denied, without prejudice** to refiling upon a complete showing of the claim, the basis for the compromise, the itemization of attorney's fees and costs, and a basis for approving same.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[2]It is axiomatic that the Court has inherent authority to police its docket. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Mingo v. Sugar Cane Growers Co-op of Florida*, 864 F.2d 101, 102 (11th Cir.1989). The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice. *Id.*

[3]The same failing is evident with respect to the claimed attorney's fees and costs. As they are not itemized, the Court cannot determine whether such compensation is fair. Moreover, to the extent the compensation to counsel reduces the compensation to Plaintiff, a sufficient showing is required in order to approve *either. See Silva v. Miller,* 2009 WL 73164 (11th Cir. 2009) (unpublished).

Recommended in Orlando, Florida on April 15, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy