# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JORGE ZULETA,**

                     **Plaintiff,**

**-vs-**                                        **Case No. 6:08-cv-1950-Orl-31DAB**

**PROFESSIONAL TEAM PAINT, INC.,**

                       **Defendant.**

_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **RENEWED JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 41)**
>
> **FILED:**     **July 14, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

      This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action

for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

This is the second attempt to obtain judicial approval of the settlement. With respect to the first motion for approval, this Court recommended that the motion be denied, as the parties presented no basis to evaluate the claim (Doc. No. 36).[1] The Court noted that it had before it no competent evidence as to the value of the claim and

> the same failing is evident with respect to the claimed attorney's fees and costs. As they are not itemized, the Court cannot determine whether such compensation is fair. Moreover, to the extent the compensation to counsel reduces the compensation to Plaintiff, a sufficient showing is required in order to approve *either. See Silva v. Miller*, 2009 WL 73164 (11th Cir. 2009) (unpublished). [emphasis original]

(Doc. No. 36 at footnote 3). The Court recommended denial of the motion, "without prejudice to refiling upon a complete showing of the claim, the basis for the compromise, the itemization of

---

[1] The Court also found reason to believe Plaintiff's counsel had filed a false document and sanctions were ultimately imposed by the District Judge (Doc. No. 38).

attorney's fees and costs, and a basis for approving same." *Id.* The District Court adopted and confirmed the Report on June 3, 2009 (Doc. No. 38).

On July 10, 2009, Plaintiff filed "Plaintiff's Notice of Providing Answers to Court's Interrogatories and Affidavit in support of Motion for Approval of Settlement." (Doc. No. 39). The District Judge struck the document, advising that "Plaintiff must file a Renewed Motion for Approval of Settlement with supporting documentation," and noted that "[f]ailure to comply may result in dismissal of the case for failure to prosecute." (Doc. No. 40). The instant motion followed.

According to the motion, the terms of the settlement provide for Plaintiff to receive $1,150.00 in overtime compensation and $1,150.00 in liquidated damages, and Plaintiff's counsel will receive a total of $4,700.00 in attorney's fees and costs. There is no evidence, however, as to the value of the claim, nor is their any evidence the claimed attorney's fees and costs. As this motion contains no complete showing of the claim, itemization of attorney's fees and costs and a basis for approving same, the Court cannot recommend approval of the settlement and the motion should therefore be denied.

The only itemization of the claim was contained in the stricken Answers to Interrogatories, where Plaintiff claimed to have worked 1100 overtime hours, at a rate of $6.00 per hour, "for a total of $6,600.00, not including liquidated damages." (Doc. No. 39). Even if the Court were to credit this stricken Affidavit, assuming that the hours worked and hourly rate claimed are correct, Plaintiff's calculations are inaccurate. If no wage was paid for the overtime hours, Plaintiff is entitled to time and a half ($9 an hour); if straight time was paid, Plaintiff is only entitled to the half time rate he did not receive (plus liquidated damages, if applicable). Either way, absent competent evidence of any

claim, the Court cannot evaluate the fairness of the settlement.[2]   Moreover, absent any evidence as to fees and costs, the Court cannot approve this settlement.[3]

As the parties have failed to follow the Court's explicit direction with respect to what information was required in order to evaluate this settlement, it is **respectfully recommended** that the motion be **denied** and **the matter be placed on the trial calendar for immediate trial.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 21, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[2] Assuming time and a half was owed, the reasonableness of accepting only $1,150 for the claim is debatable, especially in light of the amount of attorney's fees and costs proposed.

[3] Even id Plaintiff is ultimately successful in this case, Counsel should not expect to be compensated for time and effort expended (including those related to trial) arising from his own failures to follow appropriate procedures and directions from the Court.