# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JORGE ZULETA,**

               **Plaintiff,**

**-vs-**                                     **Case No. 6:08-cv-1950-Orl-31DAB**

**PROFESSIONAL TEAM PAINT, INC.,**

               **Defendant.**

_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR COURT APPROVAL OF SETTLEMENT AND TO DISMISS WITH PREJUDICE (Doc. No. 48)**
>
> **FILED:**      **October 28, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

This is the parties' **fourth** attempt to obtain judicial approval of the purported settlement reached in this Fair Labor Standards Act case. As the parties continue to disregard the Court's explicit instructions regarding required information to evaluate any settlement, this motion, like the prior attempts before it, must be denied.

The first motion for approval of the settlement agreement was filed April 4, 2009 (Doc. No. 34). This Court recommended that the motion be denied, as the parties presented no basis to evaluate the claim (Doc. No. 36). The Court noted that it had before it no competent evidence as to the value

of the claim or in support of the claimed attorney's fees and costs. The Court recommended denial

of the motion, "without prejudice to refiling upon a complete showing of the claim, the basis for the

compromise, the itemization of attorney's fees and costs, and a basis for approving same." *Id.* The

District Court adopted and confirmed the Report on June 3, 2009 (Doc. No. 38).

The parties tried again when, on July 10, 2009, Plaintiff filed "Plaintiff's Notice of Providing

Answers to Court's Interrogatories and Affidavit in support of Motion for Approval of Settlement."

(Doc. No. 39). The District Judge struck the document, however, advising that "Plaintiff must file

a Renewed Motion for Approval of Settlement *with supporting documentation*," and noted that

"[f]ailure to comply may result in dismissal of the case for failure to prosecute." (Doc. No. 40-

emphasis added). On July 14, 2009, the parties filed their third attempt via a Renewed Joint Motion

for Court Approval of Settlement Agreement (Doc. No. 41). By Report dated July 21, 2009, this

Court again recommended denial of the motion, noting that there was "no evidence . . .as to the value

of the claim" and "absent competent evidence of any claim, the Court cannot evaluate the fairness of

the settlement." (Doc. No. 42). The District Court adopted the Report and Recommendation, denied

the motion, and set the matter for trial (Doc. No. 43). Two months later, the instant motion was filed.

According to the motion, the terms of the settlement provide for Plaintiff to receive $1,150.00

in overtime compensation and $1,150.00 in liquidated damages, and Plaintiff's counsel will receive

a total of $4,700.00 in attorney's fees and costs. Despite explicit direction and the passage of many

months in which to rectify the defects, the instant motion *still* contains no evidence, competent or

otherwise, of any FLSA claim.[1] Put simply, if the Court does not know what the claim *is*, it cannot

---

[1]There is no evidence that quantifies the claim. Plaintiff executed an Affidavit that simply states that he has discussed the case with counsel and voluntarily decided to settle this claim for the settlement amount, which he considers to be fair (Doc. No. 48-2). While the Court appreciates Plaintiff's opinion, it is not helpful here. The Court presumes that all plaintiffs consider all settlements they enter into to be fair or they would not have settled on those terms.

possibly determine whether it is a fair settlement. For that matter, absent any evidence of the claim, the Court cannot determine whether *any* amount is appropriate. In view of the history of this case and the continued failure to provide the required information, it is **respectfully recommended** that the motion be **denied**.[2]

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 17, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[2]While not dispositive in view of the foregoing, the Court also notes that the itemization of attorney's fees and costs, which includes time from unidentified timekeepers, does not support the requested fees. As this Court has previously noted, even if Plaintiff is ultimately successful in this case, counsel should not be expected to be compensated for time and effort expended arising from his own failures to follow appropriate procedures and directions from the Court. *See* Doc. No. 42 at footnote 3. In view of counsel's continued difficulty here, should Plaintiff prevail at trial, this Court may find a reasonable attorney's fee to be zero or close to it. *See, e.g., Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241, 1244 (11th Cir.2009).